**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1166
_____

UNITED STATES OF AMERICA

v.

DEAGO LEE EDDINGS,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cr-00117-001)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 11, 2025

Before: HARDIMAN, PORTER, and SMITH, *Circuit Judges.*

(Filed: April 14, 2025)

_____

OPINION[*]
_____

PORTER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

# I

Brentwood Borough police conducted a routine traffic stop in September 2020. In the back seat of the car officers found Deago Eddings and a pistol. Eddings had recently been released from prison, where he was serving a sentence for prior convictions of attempted homicide, aggravated assault, and carrying a firearm without a license. At the time of the stop, he was on Pennsylvania state parole as part of that prior sentence.

Eddings was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After his motion to suppress was denied, Eddings pleaded guilty. He moved to withdraw his plea following our decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), *cert. granted*, *judgment vacated*, 144 S. Ct. 2706 (2024). There, we held that § 922(g)(1) could not be applied to disarm defendant Bryan Range in a manner consistent with our Nation's historical tradition of firearms regulation. *Id.* at 106.[1]

Eddings likewise moved to dismiss his indictment, advancing facial and as-applied challenges to § 922(g)(1) based on both the Second Amendment and the Commerce Clause. The District Court denied both the withdrawal and dismissal motions and proceeded to sentence Eddings to twenty-seven months' imprisonment to be followed by three years of supervised release.

Eddings appeals the denial of his constitutional challenges.

---

[1] We later affirmed that holding on remand. *Range v. Att'y Gen.*, 124 F.4th 218, 232 (3d Cir. 2024) (en banc).

II[2]

Last year in *United States v. Moore* we examined whether disarming convicts on supervised release was "consistent with the Nation's historical tradition of firearm regulation." 111 F.4th 266, 269 (3d Cir. 2024) (quoting *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022)). After undertaking the historical analysis mandated by *Bruen* and *United States v. Rahimi*, 602 U.S. 680 (2024), we concluded that the government had met its burden to show that "history and tradition support disarming convicts who are completing their sentences," including those on supervised release. *Moore*, 111 F.4th at 273. Earlier this year, we extended *Moore*'s logic to state equivalents of federal supervised release, "including a sentence of parole or probation." *United States v. Quailes*, 126 F.4th 215, 217 (3d Cir. 2025).

As Eddings concedes, *Moore* and *Quailes* control the outcome here. Eddings was on parole at the time of his indictment; he was therefore still completing his sentence, and § 922(g)(1) was constitutional as applied to him.[3] As Eddings also recognizes, his Commerce Clause challenge is similarly foreclosed by a long line of Third Circuit and Supreme Court precedent. *See, e.g.*, *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001).

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error. *See United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011).

[3] Eddings's facial challenge concomitantly fails, as he cannot "establish that no set of circumstances exists under which the Act would be valid." *Rahimi*, 602 U.S. at 693 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

\*　　\*　　\*

## III

For the reasons discussed above, we will affirm the District Court's order denying Eddings's motions to withdraw and dismiss and the District Court's judgment of sentence.